NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZONYA PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; TRANS UNION, LLC, a limited liability company; MARAUDER CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00138-MWF-FFMx<br><br>Hon. Frederick F. Mumm<br><br>[~~PROPOSED~~] **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Zonya Perez ("Plaintiff"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC, ("Trans Union") (collectively, "the Parties"), through their respective attorneys of record as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

/ / /

1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.    **This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, this Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. (FFM)**

3.    Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." **Only information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) may be designated "Confidential." (FFM)**

4.    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rule CR 79-5.

5.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information

1  designated Confidential hereunder), shall not be used, directly or indirectly, by any
2  person, including Plaintiff and Experian for any business, commercial or
3  competitive purposes or for any purpose whatsoever other than solely for the
4  preparation and trial of this action in accordance with the provisions of this Order.

5        6.     Except with the prior written consent of the individual or entity
6  designating a document or portions of a document as "Confidential," or pursuant to
7  prior Order after notice, any document, transcript or pleading given "Confidential"
8  treatment under this Order, and any information contained in, or derived from any
9  such materials (including but not limited to, all deposition testimony that refers,
10 reflects or otherwise discusses any information designated confidential hereunder)
11 may not be disclosed other than in accordance with this Order and may not be
12 disclosed to any person other than: (a) the Court and its officers; (b) parties to this
13 litigation; (c) counsel for the Parties, whether retained counsel or in-house counsel
14 and employees of counsel assigned to assist such counsel in the preparation of this
15 litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the
16 Parties that such witnesses need to know such information; (e) present or former
17 employees of the producing party in connection with their depositions in this action
18 (provided that no former employees shall be shown documents prepared after the
19 date of his or her departure); (f) experts specifically retained as consultants or
20 expert witnesses in connection with this litigation; and (g) court reporters in
21 connection with the litigation.

22       7.     Documents produced pursuant to this Order shall not be made
23 available to any person designated in Subparagraph 5(f) unless he or she shall have
24 first read this Order, agreed to be bound by its terms, and signed the attached
25 Declaration of Compliance.

26       8.     All persons receiving any or all documents produced pursuant to this
27 Order shall be advised of their confidential nature. ~~All persons to whom~~
28 ~~confidential information and/or documents are disclosed are hereby enjoined from~~

1  disclosing same to any person except as provided herein, and are further enjoined
2  from using same except in the preparation for and trial of the above-captioned
3  action between the named parties thereto.  **(FFM)**  No person receiving or
4  reviewing such confidential documents, information or transcript shall disseminate
5  or disclose them to any person other than those described above in Paragraph 5 and
6  for the purposes specified, and in no event shall such person make any other use of
7  such document or transcript.

8  9.  Nothing in this Order shall prevent a party from using at trial any
9  information or materials designated "Confidential."

10  10.  This Order has been agreed to by the Parties to facilitate discovery and
11  the production of relevant evidence in this action.  Neither the entry of this Order,
12  nor the designation of any information, document, or the like as "Confidential," nor
13  the failure to make such designation, shall constitute evidence with respect to any
14  issue in this action.

15  11.  Within sixty (60) days after the final termination of this litigation, all
16  documents, transcripts, or other materials afforded confidential treatment pursuant
17  to this Order, including any extracts, summaries or compilations taken therefrom,
18  but excluding any materials which in the good faith judgment of counsel are work
19  product materials, shall be returned to the individual or entity having produced or
20  furnished same.

21  12.  In the event that any party to this litigation disagrees at any point in
22  these proceedings with any designation made under this Protective Order, the
23  Parties shall first try to resolve such dispute in good faith on an informal basis and
24  in accordance with Local Rule CR 37-2.  If the dispute cannot be resolved, the party
25  objecting to the designation may seek appropriate relief from this Court.  During
26  the pendency of any challenge to the designation of a document or information, the
27  designated document or information shall continue to be treated as "Confidential"
28  subject to the provisions of this Protective Order.

13.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

15.     **If a party to whom "Confidential" material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any "Confidential" materials in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

IT IS SO ORDERED.

Dated: November 17, 2014            /S/ FREDERICK F. MUMM
                                    Magistrate Judge Frederick F. Mumm

# EXHIBIT A - DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2014.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2014 at _____.

_____
QUALIFIED PERSON