UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-00138-MWF (FFMx)          **Date: January 13, 2015**

Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                    Court Reporter:
          Rita Sanchez                     Not Reported


          Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
          None Present                      None Present

**Proceedings (In Chambers):**   ORDER GRANTING MOTION FOR SUMMARY
                                  JUDGMENT

       Before the Court is Defendant Trans Union, LLC's ("Tran Union") Motion for
Summary Judgment (the "Motion") filed on November 24, 2014.  (Docket No. 32).
Plaintiff Zonya Perez filed an Opposition to Defendant Trans Union's Motion for
Summary Judgment (the "Opposition") on December 17, 2014.  (Docket No. 34).
Trans Union filed a Reply to Plaintiff's Opposition to Motion for Summary Judgment
(the "Reply") on December 29, 2014.  (Docket No. 36).

       The Court held a hearing on January 12, 2015.  For the reasons state below, the
Court **GRANTS** Trans Union's Motion.

## I.   BACKGROUND

       In her suit, Perez accuses credit reporting agencies Experian Information
Solutions, Inc. ("Experian") and Trans Union, and Marauder Corporation of various
violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. (the "FCRA").
Trans Union brings the present Motion only as to Perez's claims against it.

       Perez's claims relate to one account on her credit file maintained by Trans Union
that she alleges is inaccurate.  The account is from Marauder Corporation
("Marauder") and identifies a $300 collection account dated July 2008 (the "Marauder
Account").  (DSUF ¶ 44).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-00138-MWF (FFMx)              Date:  January 13, 2015

Title:     Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

    The following descriptive of the factual background to the Motion is based on facts undisputed by the parties.  In 2012, Perez was denied credit from a number of sources.  In response, she hired a credit repair company, LA Credit Fixers, to assist her in improving her credit reports.  On August 31, 2012 Perez sent her first written dispute to Trans Union requesting verification or removal of five accounts from her file, including the Marauder Account.  (Declaration of Steven Reger Ex. 1, Docket No. 32-15).  Trans Union deleted four adverse accounts from her credit file.  (DSUF ¶ 36).  However, Trans Union did not remove the Marauder Account despite Perez's repeated attempts.  Between October 2, 2012 and December 2, 2013 Perez raised a further nine oral and written disputes with Trans Union, each time complaining of the Marauder Account.  Trans Union confirmed that it was accurately reporting the information provided to it by Marauder a number of times.  (DSUF ¶ 46-77).  However, it cancelled two reinvestigations prompted by Perez's disputes because it determined that they were duplicative, as it claims it was entitled to do under § 1681i(3).  (DSUF ¶ 55-56).  In early 2014, after Perez initiated this action, Trans Union stopped reporting the Marauder Account and suspended any reports from Marauder related to Perez.  (DSUF ¶ 78).

    Perez claims that Trans Union violated four provisions of the FCRA in its handling of her complaints about the Marauder Account.  Perez's allegations are that Trans Union maintained an adverse account – an obsolete debt – on her file beyond the time allowed by statute in violation of § 1681c; Trans Union filed to conduct a reasonable re-investigation of the Marauder Account after she disputed it in violation of § 1681i; the Trans Union has failed to maintain reasonable procedures to ensure against reporting of obsolete debts in violation of § 1681e(a) and Trans Union has failed to follow reasonable procedures to assure maximum possible accuracy of information contained in credit files as required by § 1681e(b).

    As a result of the inaccurate information in her credit file Perez claims she was denied credit by Chase and Discover, she was denied a car loan by an unidentified lender, and had her preapproval for a Wells Fargo home loan withdrawn.  (DSUF ¶ 82-83).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-14-00138-MWF (FFMx)**          **Date:  January 13, 2015**
Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

In addition to the economic damages she maintains she suffered as a result of the FCRA violations, Perez alleges that Trans Union caused her emotional distress and did so willfully, entitling her to punitive damages.

## II.    **DISCUSSION**

In deciding this Motion under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *In re Oracle Corp. Securities Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) ("Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case."). The non-moving party may not simply rely on allegations in its pleadings but must identify specific facts raising a genuine dispute that will be material at trial. Fed. R. Civ. P. 56(c).

### A.    **Evidentiary Objections**

Trans Union filed Objections to the Declaration of Zonya Perez Filed and Objections to the Declaration of Efi Bonder. (Docket Nos. 36-2; 36-3). The Court's ruling on the matter does not turn on the disputed evidence. Therefore, the Court **OVERRULES** Trans Union's objections as moot.

### B.    **Legal Standard under the FCRA**

The purpose of the FCRA is to protect consumers from circulation by consumer credit reporting agencies ("CRAs") of inaccurate information about consumers to lending institutions. 15 U.S.C. § 1681. As a consumer bringing actions under FCRA, Perez asserts four claims. The Court first addresses Perez's allegations of violations of § 1681e(a); § 1681e(b); and § 1681i , all of which require a showing of inaccuracy in a report prepared by a CRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-00138-MWF (FFMx)            Date:  January 13, 2015
Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

       To establish a prima facie violation under § 1681e(b), a plaintiff must first present evidence demonstrating that a credit reporting agency prepared a report containing inaccurate information. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)) (holding that CRA could not comply with its obligation to identify sources of its information merely by claiming ignorance).  If the plaintiff establishes an inaccuracy, a credit reporting agency can nonetheless escape liability by establishing that it followed reasonable procedures. *Id.*  The reasonableness of the procedures and whether the credit reporting agency followed those procedures will be jury questions in the overwhelming majority of cases. *Gauci v. Citi Mortgage*, CV-11-01387-ODW (JEMx), 2012 WL 1535654 at *5 (C.D. Cal. Apr. 30, 2012) (citing to *Guimond*, 45 F.3d at 1333) (granting summary judgment where plaintiff failed to show that CRA did not accurately report information provided by furnisher).  If the plaintiff fails to satisfy the initial burden of showing inaccuracy, the plaintiff has not established a violation of § 1681e(b) as a matter of law, and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. *Cahlin*, 936 F.2d at 1156.

       To proceed on a claim under § 1681i(a), a plaintiff must show that her credit report contained an actual inaccuracy. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (holding that despite potential legal claims and an ongoing dispute between debtor and creditor, CRA met reporting requirements of FCRA when it accurately reported information furnished by creditor). When the plaintiff fails to establish an actual inaccuracy, courts may properly grant summary judgment in favor of credit reporting agency defendants. *See id.* at 892.

       Further, showing that there was inaccurate information is also an element of a claim under § 1681e(a). *Brooks v. Midland Credit Management, Inc.*, Civ. No. WDQ-12-1926, 2013 WL 1010455 (D. Md. Mar. 13, 2013) ("Inaccurate information is an element of a claim under §§ 1681e(a)") (citing to *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66–67 (1st Cir. 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-14-00138-MWF (FFMx)            Date:  January 13, 2015**

Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

Accurate reporting by a credit reporting agency is thus a complete defense to claims under both § 1681e and § 1681i.  If a plaintiff fails to show that the plaintiff's credit report was inaccurate, summary judgment should be granted to the credit reporting agency defendant.  *Gauci*, at *5.

### C.      Inaccuracy of Reporting

In order for Perez to succeed on her claims she must prove the inaccuracy of Trans Union's reporting of the Marauder Account, or at least, that a genuine factual dispute exists as to its accuracy.  Perez states in her declaration that the Marauder Claim does not come from 2008, but is from a bad check she wrote in 2001.  Trans Union objects to this argument on the basis that as a credit reporting agency it meets its accuracy reporting requirements under Ninth Circuit law when it accurately reports information furnished from a creditor.  *See Gauci*, at *5 (Under the FRCA "credit reports are considered accurate when the credit reporting agencies correctly report information furnished by the creditor") (citing *Carvalho*, 629 F.3d at 891).  As the Ninth Circuit explained in *Carvalho*, "the creditor or furnisher 'stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation.'"  629 F.3d at 892 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009)).

The essence of the dispute over this Motion is the extent of the obligations of CRAs, such as Trans Union, to ensure the accuracy of the credit information beyond that provided by the creditor.  Perez relies on *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3rd Cir. 1997), for the proposition that a CRA's obligation under the FCRA extends beyond relying on the information provided by a creditor.  Perez's reliance on *Cushman* is unpersuasive because *Cushman* does not articulate the law of this circuit as expressed in *Carvalho* and *Gorman*.  This Court must follow Ninth Circuit law.

In *Cushman*, the Third Circuit rejected the CRA defendant's argument that under the FRCA a CRA is never required to go beyond the original source in ascertaining the accuracy of information it reports.  The Third Circuit followed the Fifth and Seventh Circuits in holding that "[i]n a reinvestigation of the accuracy of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-14-00138-MWF (FFMx)          Date:  January 13, 2015**
Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

credit reports, a [CRA] must bear some responsibility for evaluating the accuracy of information obtained from subscribers." *Cushman*, 115 F.3d at 224 (*citing Stevenson v. TRW Inc.*, 987 F.3d 288, 293 (5th Cir. 1993) (holding that CRA was liable where it failed to delete information promptly where creditor failed to respond to request for confirmation).  The court adopted the Seventh Circuit's ruling that where "the consumer has alerted the reporting agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable"; and "the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer" a CRA may be required to verify the accuracy of its initial source of information.  *Cushman*, 115 F.3d at 225 (*citing Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994) (holding that where consumer notified the CRA that the entry of judgment had been in error CRA had an obligation to confirm the accuracy of the Judgment Docket)).

The Ninth Circuit's holdings in *Carvalho* and *Gorman* that a CRA is not liable for reporting information accurately reported from a creditor are contrary to *Cushman*. Perez identifies no case within the Ninth Circuit where a CRA was held liable for accurately reporting information obtained from a creditor after it had confirmed that information's accuracy.

Further, even were the Court to determine that the *Cushman* court's approach is not inconsistent with *Carvalho* and *Gorman*, this Court's decision would be no different.  The Ninth Circuit has strongly cautioned against imposing excessive investigation and re-investigation duties on CRAs because of the relative access of the CRA and creditor to the information in question.  As such, the Court would determine that Perez failed to provide evidence to raise sufficient doubts to the accuracy of the source of information to warrant further investigation by Trans Union.  Perez contests the accuracy of the information, but provided no basis beyond her speculation as to why the information is not accurate.  Were such minimal notice be sufficient to prompt greater reinvestigation duties on behalf of CRAs, the Ninth Circuit's rulings in *Carvalho* and *Gorman* would be meaningless.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-14-00138-MWF (FFMx)**                **Date:  January 13, 2015**
Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

In light of controlling precedent, the Court determines that Perez presents no evidence that Trans Union inaccurately reported information provided to it by Marauder.  Even if Perez believes that the account is inaccurate, for the purposes of § 1681e(a), § 1681e(b) and § 1681i,  that is a question to be resolved with Marauder, another Defendant in this action, not with Trans Union.

Accordingly, the Court **GRANTS** Trans Union's Motion as to Perez's claims under §§ 1681e(a) and (b) and § 1681i.

### D.      <u>Reporting of Obsolete Debt in Violation of § 1681c</u>

The FCRA limits the length of time that CRAs are permitted to report adverse items of information.  *F.T.C. v. Gill*, 265 F.3d 944, 948 (9th Cir. 2001) (discussing history and policy behind FCRA and Credit Repair Organizations Act).  Under § 1681c(a) most negative credit information may only be reported for seven years.  Perez argues that because the Marauder Account derives from a bad check she wrote in 2001 Trans Union violated § 1681c(a) by reporting it after 2008.  The information regarding the Marauder Account, as furnished to Trans Union, indicates that the account was opened in July 2008.  (DSUF ¶ 44).  The period of allowable reporting for the Marauder Account therefore would extend until 2015.

Because Perez presents no evidence that the information reported by Trans Union is inaccurate as provided to it from Marauder, Trans Union is entitled to summary judgment.

Tran Union maintains that it is entitled to report the Marauder Account for seven years from July 2008 because that is the date Marauder indicates it was opened.  Perez's arguments as to Trans Union's liability fail for two reasons.  **First**, Perez presents no evidence to adequately contest that the Marauder Account is not accurately stated as opened in 2008.  **Second**, Perez fails to establish that Trans Union is liable for reporting the debt within seven years of the date the Marauder Account it has accurately obtained from Marauder, even if Marauder is inaccurately reporting that date or has improperly "re-aged" the debt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-00138-MWF (FFMx)              Date:  January 13, 2015
Title:       Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

While Perez argues that the Marauder Account relates to a 2001 bad check, her deposition testimony indicates she does not know when it was placed for collection. (Declaration of Paul Sheldon, Ex. 1, Deposition of Zonya Perez, 110:4-111:4, Docket No. 32-4).  Perez's claim that she did not open an account in July 2008 is also irrelevant, even when viewed in the light most favorable to her, as the relevant question is the date the account was "placed for collection," not opened.  15 U.S.C. § 1681c(a)(4).

Perez informed Trans Union of her theory as to the origin of the Marauder Account in her ninth dispute with Trans Union on November 27, 2013.  Trans Union again contacted Marauder as to the accuracy of the account and passed on Perez's claims on to Marauder for confirmation.  (Perez Decl. ¶ 30; Reger Decl. ¶¶44-46, Docket No. 32-14).  Marauder confirmed the date the account was opened as July 2008.  (DSUF ¶ 72-73).

Further, Perez presents no evidence beyond speculation that Marauder "re-aged the debt."  Indeed, Perez does not contest that Trans Union reported the information as to the debt's age accurately, as provided to it by Marauder.  And Perez identifies no authority to show that Trans Union had an obligation to further investigate her "re-aging" allegation beyond passing on the information to Marauder.  Neither party presents authority directly on point as to a CRA's obligation to ensure the accuracy of the date of an account under § 1681c(a) where the allegedly inaccurate information is coming from a creditor.  In light of the analysis above of the Ninth Circuit's rulings on the accuracy of information under §§ 1681e(a) and (b) and § 1681i, the Court determines that the same standard should apply.

The Court sees no reason why a CRA has greater obligations as to determining the age of a debt than other inaccuracies.  Under the logic of *Carvalho* and *Gorman*, a CRA may not be held liable for a reporting a debt when it is confirms the information that indicates the debt falls within the allowable reporting period under § 1681c.  Perez seeks to place a significantly greater burden on CRAs in ensuring the accuracy of the data provided by third party sources than Ninth Circuit precedent requires.  The uncontroverted evidence shows Trans Union repeatedly confirmed the accuracy of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-14-00138-MWF (FFMx)**              **Date:  January 13, 2015**

Title:      Zonya Perez -*v*- Experian Information Solutions, Inc., et al.

information as provided by Marauder.  And once Perez informed Trans Union that she believed the debt to be too old to be reported, Trans Union informed Marauder of that allegation and confirmed the date again.

Given that the relevant date is the date the account went to collection, Perez presents no evidence that the Marauder Account is not in fact accurately reported by Marauder itself.   Perez's claim is therefore better directed at Marauder and Trans Union cannot be held liable for accurately reporting information it received from Marauder.  As the Ninth Circuit explained in *Gorman*, in comparing the requirement of "reasonable investigation" by CRAs and "investigation" by creditors, the FCRA "recognizes, the furnisher of credit information stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation.  With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer."  584 F.3d at 1156; *see also Carvalho*, 629 F.3d at 892 ("a consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher").

Accordingly, the Court **GRANTS** Trans Union's Motion as to Perez's claims for violations of § 1681c.

## III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment as to all of Perez's claims against Trans Union.

IT IS SO ORDERED.